AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 14 2026
CLERK, U.S. DISTRICT COURT
By ______________
Deputy

United States of America
v.

Otis Risper, III

*Defendant(s)*

Case No. 2:26-MJ-219

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 13, 2026 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute of Fentanyl |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Vernon Wilson, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 10/14/26

[signature: Lee Ann Reno]
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:26-MJ-219

AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Vernon J. Wilson, being duly sworn, depose and state:

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2. I am assigned to DEA's Amarillo Resident Office (ARO). I am an investigator for the 47th District Attorney's Office in Amarillo, Texas. In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in the field of narcotics trafficking investigations, including but not limited to conducting surveillance, undercover operations, utilizing confidential sources, and executing arrest and search warrants. I have forty-two (42) years of law enforcement experience. I have twenty-nine years' experience as narcotics investigator. I have received narcotics training from the Amarillo Police Department (APD), DEA, Texas Department of Public Safety, and the Texas Narcotics Association. Prior to being an investigator for the District Attorney's Office, I was an officer at the Amarillo Police Department for 31 years. During my tenure with the Amarillo Police Department, I have made narcotic arrests and assisted with narcotics investigations.

3. This affidavit is made in support of a complaint and arrest warrant for Otis RISPER, III. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On October 13, 2026, at approximately 8:36 p.m., Amarillo Police Department Cpl. Jacob Daugett conducted a traffic stop in the 9100 block IH-40 West, eastbound, on a red 2008 Toyota Tundra displaying Texas license plate FLF4336 for expired registration (March 2026).

5. During the traffic stop, Cpl. Daughett identified the driver as Otis RISPER, III. There was also a female passenger in the vehicle. Cpl. Daughett detected the odor of marijuana being emitted from the Toyota Tundra. A canine officer was called to the scene. Cpl. Bob West responded and deployed his canine to conduct a free air sniff of the vehicle. The canine alerted the vehicle to the presents of narcotics in the vehicle.

6. During the search of the vehicle, a baggie of a white powder-like substance along with pre-rolled marijuana products were located in a paper bag in the driver's seat area. A field test was conducted on a sample of the white power. The sample tested positive for fentanyl.

7. Cpl. Daughett placed RISPER and the female passenger in custody. RISPER and the female were transported to APD for further investigation.

8. APD narcotics Officer Chance Harlan attempted to interview RISPER. Agent Harlan read RISPER his *Miranda* warnings. RISPER invoked his rights and refused to be interviewed.

9. Agent Harlan Mirandized the female passenger. The female agreed to be interviewed. The female stated that when the traffic stop was conducted RISPER handed her a baggie of a white powder and RISPER instructed her to stash the baggie of powder in her underwear. Female Officer Patty Marino responded to the P.D. Officer Marino retrieved the baggie of powder from the female passenger. A field test was conducted on a sample from the baggie. The sample tested positive for fentanyl.

10. Agent Harlan contacted DEA TFO Vern Wilson who responded to APD. TFO Wilson and Agent Harlan interviewed the female passenger. At approximately 11:03 p.m., TFO Wilson Mirandized the female passenger, who agreed to be questioned. The female stated that she agreed to travel to Amarillo with RISPER while he made deliveries of fentanyl. The female stated that when they were being pulled over, RISPER handed the baggie of suspected fentanyl to her and instructed her to place it in her panties. The female stated that she followed RISPER'S instructions.

11. Cpl. Daughett was going to transport RISPER and the female passenger to the Potter County Jail to book them on state narcotics chargers. Before leaving the APD parking lot, RISPER asked Cpl. Daughett what they were being booked in jail for. Cpl. Daughett responded for possession of narcotics. RISPER asked if the female passenger was also being charged. Cpl. Daughett responded, yes. RISPER made the res gestae statement, "I gave it to her to hide in her underwear."

12. The total weight of the suspected fentanyl powder is 25 gross grams. The quantity of the controlled substance is consistent with the distribution as opposed to someone's personal use.

13. Based upon the foregoing, there is probable cause to believe that Otis Risper, III did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Vernon J. Wilson
Task Force Officer
Drug Enforcement Administration

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 14th day of October, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Anna Marie Bell
Assistant United States Attorney